```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Civil No. 12mc36(DSD/TNL)
```

Net Promotion, Inc.,

       Petitioner,

v.                                          **ORDER**

United States of America,

       Respondent.

      Eric W. Johnson, Esq., U.S. Bank Building, 101 East Fifth Street, Suite 910, St. Paul, MN 55101, counsel for petitioner.

      Sean M. Green, U.S. Department of Justice, Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044, counsel for respondent.

This matter is before the court upon the objection by petitioner Net Promotion, Inc. to the September 18, 2012, report and recommendation of Magistrate Judge Tony N. Leung. Based on a de novo review of the file, record and proceedings herein, and for the following reasons, the court finds that the report and recommendation correctly disposes of the petition.

**BACKGROUND**

This tax-liability dispute arises out of an IRS summons issued to nonparty U.S. Bank National Association (U.S. Bank). On April 5, 2012, at the request of the French Tax Authority (FTA), the IRS issued a summons to U.S. Bank captioned, "In the matter of The

French Income Tax Liabilities of Net Promotion, Incorporated." Pet. to Quash, Ex. A. The summons requested documents and bank records pertaining to U.S. Bank account number x-xxx-xxxx-4005. Id.

Net Promotion petitioned to quash the summons on April 25, 2012, arguing that the summons was defective because "there was no proper referral from France to the United States inquiring into the potential French income tax liability of [Net Promotion]." Id. ¶ 10. The government did not move to dismiss, and instead filed a response in opposition to the petition to quash on June 19, 2012. On September 19, 2012, the magistrate judge recommended that the petition to quash be denied. Net Promotion timely objected, arguing that the magistrate's recommendation was issued without an opportunity for discovery and without a motion to dismiss by the government or a hearing.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

**I. Discovery**

Enforcement of an IRS summons is proper where the record shows that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the

2

information sought is not already within the Commissioner's possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." United States v. Powell, 379 U.S. 48, 57-58 (1964). Compliance with Powell requires only a "minimal showing of good faith," which may be established by an affidavit from an IRS agent. United States v. Moon, 616 F.2d 1043, 1046 (8th Cir. 1980); see United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005) (citation omitted). The Powell framework is applicable even when, as here, the summons is issued pursuant to a request by a treaty partner. See United States v. Stuart, 489 U.S. 353, 356 (1989).

As the magistrate judge correctly noted, the government, through the declaration of Assistant Deputy Commissioner Douglas O'Donnell, met its burden under Powell. See O'Donnell Decl. ¶¶ 2-14; see also Mazurek v. United States, 271 F.3d 226, 228 (5th Cir. 2001) (noting, in case brought pursuant to a request by the FTA, that the affidavit of an Assistant IRS Commissioner was sufficient to establish a prima facie case under Powell). To rebut the government's prima facie case, Net Promotion must either "refute one of the Powell factors that the IRS established or ... show that enforcement in the district court would amount to an 'abuse' of the judicial process." Mazurek, 271 F.3d at 230-31 (citation omitted). In order to do so, Net Promotion argues that it should be allowed to engage in discovery.

Discovery is appropriate, however, only when "a taxpayer makes a *substantial preliminary showing* that enforcement of a summons would result in an abuse of the court's process." Robert v. United States, 364 F.3d 988, 999 (8th Cir. 2004) (emphasis added) (citation omitted). Abuse of the judicial process occurs when a summons is sought for an "improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 58. In other words, "discovery is the exception rather than the rule." United States v. Lask, 703 F.2d 293, 300 (8th Cir. 1983) (citations omitted).

Here, the only argument that Net Promotion makes in support of discovery is that the case presents "sufficient irregularities" and that O'Donnell's declaration is "murky and conflated." Pet'r's Objection 5, 7. Net Promotion's "speculative assertions of impropriety do not meet the heavy burden required to disprove the legitimacy of the IRS [summons]." United States v. Kaiser, 397 F.3d 641, 643 (8th Cir. 2005) (citation omitted). Therefore, discovery is not warranted, and Net Promotion's objection is overruled.

## II. Motion to Dismiss

"[S]ummons enforcement proceedings should be summary in nature." United States v. Stuart, 489 U.S. 353, 369 (1989)

4

(alteration in original) (citation omitted).  The same is true for petitions to quash an IRS summons.  See 2121 Arlington Heights Corp. v. I.R.S., 109 F.3d 1221, 1226 (7th Cir. 1997).

Net Promotion argues that the magistrate judge's recommendation was premature and that such a decision should issue only after a motion to dismiss.  Specifically, Net Promotion argues that it was prejudiced by having to submit objections to the magistrate judge's findings within fourteen days of the recommendation and without an opportunity for a hearing or to enter additional matters into the record.

Here, the government established its prima facie case under Powell in its memorandum in opposition and accompanying declarations.  See ECF Nos. 5-7.  As already discussed, the burden then shifted to Net Promotion.  Robert v. United States, 364 F.3d 988, 996 (8th Cir. 2004) (citation omitted).  Net Promotion failed to act for over three months, and instead argues that it is prejudiced by having to respond to the magistrate judge's order within fourteen days.  A summons proceeding, however, "is not intended to be a full-blown trial but is of a summary nature.  Full application of the Federal Rules may therefore operate to frustrate its limited purpose."  United States v. McCoy, 954 F.2d 1000, 1004 (5th Cir. 1992) (internal citations omitted).  As a result, the

5

magistrate judge did not err by concluding that the government had met its prima facie burden under Powell and recommending dismissal after Net Promotion took no further action.

Net Promotion also argues that a hearing was necessary prior to issuance of the magistrate judge's recommendation. As already explained, summons enforcement proceedings are summary in nature, "and whether a hearing is needed is left to the ... court's discretion." 2121 Arlington Heights Corp., 109 F.3d at 1226 (internal citation omitted); see Schulz v. United States, 240 F. App'x 167, 167 (8th Cir. 2007) (unpublished per curiam) ("A district court has discretionary authority to deny a hearing in summons enforcement proceeding."). Therefore, no hearing was necessary, and the objection by Net Promotion is overruled.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Petitioner's objection [ECF No. 9] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 8] is adopted in its entirety; and

3. The Petition to Quash IRS Summons [ECF No. 1] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 3, 2012

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court